# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH NEAL,<br><br>        Plaintiff,<br><br>    v.<br><br>SUPERIOR COURT,<br><br>        Defendant.<br>_____ | 1:10-cv-00999 OWW GSA<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S COMPLAINT**<br><br>(Document 1) |

Plaintiff Keith Neal ("Plaintiff"), appearing pro se and proceeding in forma pauperis, filed the instant complaint alleging damages for personal injuries against the "Superior Court" in Fresno County for its failure to respond to his complaint against the Honorable Don Penner in Department 11. He seeks damages of $7,000,000. (Doc. 1.)

### DISCUSSION

**A.    *Screening Standard***

Pursuant to Title 28 of the United States Code section 1915(e)(2), the Court must conduct an initial review of the complaint for sufficiency to state a claim. The Court must dismiss a

1

complaint or portion thereof if the Court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). While legal conclusions can provide a framework of a complaint, they must be supported by factual allegations. *Iqbal*, 129 S.Ct. at 1950. While factual allegations are accepted as true, legal conclusion are not. *Iqbal* at 1949.

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. V. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

A pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).

2

**B.**     ***1983 Actions***

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Thus, to state a claim under Title 42 of the United States Code section 1983,[1] a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Moreover, section 1983 requires that there be an actual connection or link between the actions of defendant and the deprivation allegedly suffered. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit Court of Appeals has held that "a person 'subjects' another to deprivation of constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

**C.**     ***Plaintiff's Allegations***

Plaintiff contends his Eighth Amendment right against cruel and unusual punishment has been violated because he wrote to the "Superior Courthouse" about Judge Penner and has not received a response. More particularly, he complains that on April 5, 2010, Judge Penner apparently continued a scheduled preliminary hearing in the absence of Plaintiff's waiver of time. As a result, Plaintiff claims he should have been free from custody and able to sign a contract with Kirk Franklin, a gospel music producer. Rather, he remains incarcerated and unable to sign the contract, and thus, Plaintiff seeks $7,000,000 in damages. (Doc. 1 at 3.)

---

[1] All further statutory references are to Title 42 of the United States Code unless otherwise indicated.

3

**1.    Abstention**

As a preliminary matter, the Court finds that abstention is appropriate and therefore will recommend against exercising jurisdiction over Plaintiff's action.

"*Younger* abstention is a common law equitable doctrine holding that a federal court generally should refrain from interfering with a pending state court proceeding." *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 669 (9th Cir. 2004) (citations omitted). *Younger* abstention is required if (1) state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal questions. *Wiener v. County of San Diego*, 23 F.3d 263, 266 (9th Cir. 1994).

In his complaint, Plaintiff infers he remains in custody at the Fresno County Jail pending the outcome of state court proceedings. (Doc. 1 at 3 ["keep me in jail after April 5, 2010 . . . did not waive time . . . going to court week after week"].) Here then, Plaintiff's state court proceedings are ongoing, those proceedings implicate important state interests, and also provide an adequate opportunity for Plaintiff to raise federal questions.

Even if the Court did not abstain under *Younger*, Plaintiff's complaint would fail for the reasons set forth below

**2.    Superior Court as Defendant**

Plaintiff has named the "Superior Court" or "Superior Courthouse" in Fresno County as a Defendant, however, the superior court is not a proper party for it is not a "person" for purposes of section 1983.

Additionally, Plaintiff is advised that state court judges and prosecutors are immune from liability under section 1983. *See Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (holding that judges and prosecutors are immune from liability for damages under section 1983). Thus, to the

degree Plaintiff's complaint can also be interpreted to name Judge Penner as a defendant in this action, the judge is entitled to immunity.

### 3. Rooker-Feldman Doctrine

To the extent that Plaintiff's complaint can be interpreted as a request that the Court review the state court proceeding, this Court lacks jurisdiction to do so. Federal courts lack jurisdiction to review or modify state court judgments under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Company*, 263 U.S. 413, 44 S.Ct. 149 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303 (1983). The *Rooker-Feldman* doctrine is based on Title 28 of the United States Code section 1257 which grants the United States Supreme Court jurisdiction to review decisions of the highest state courts for compliance with the federal Constitution. *See Rooker*, 263 U.S. 413, 44 S.Ct. 149; *Feldman*, 460 U.S. at 482, 103 S.Ct. 1303. The doctrine provides that "lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Medical Planning Services*, 142 F.3d 326, 330 (6th Cir. 1998). "This is equally true in constitutional cases brought under [42 U.S.C.] § 1983, since federal courts must give 'full faith and credit' to the judicial proceedings of state courts.'" *Gottfried*, 142 F.3d at 330 (citing 28 U.S.C. § 1738).

"Federal district courts lack subject matter jurisdiction to review such final adjudications or to exclude constitutional claims that are 'inextricably intertwined with the state court's [decision] in a judicial proceeding.'" *Valenti v. Mitchell*, 962 F.2d 288, 296 (3rd Cir. 1992) (quoting *Feldman*, 460 U.S. at 483, n. 16). This rule applies to "inextricably intertwined" with final state court decisions, even if such "inextricably intertwined" claims were not raised in state court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. at 483-487 and n. 16; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413; *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir. 1998) (holding the *Rooker-Feldman* doctrine is jurisdictional). Thus, "a losing party in state court is barred from seeking what in substance would be appellate review of the state

judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-1006 (1994).

In sum, this Court does not have subject matter jurisdiction to review state court judgments.

### 4.     Eleventh Amendment

Additionally, the Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); *see also Seminole Tribe of Fla. v. Florida*, 116 S.Ct. 1114, 1122 (1996); *Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. *See Natural Resources Defense Council v. California Dep't of Tranp.*, 96 F.3d 420, 421 (9th Cir. 1996); *Brooks*, 951 F.2d at 1053; *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1989). "The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief is legal or equitable in nature." *Brooks*, 951 F.2d at 1053.

The Eleventh Amendment's bar to actions against states and their entities in federal courts provides further grounds to recommend dismissal of the complaint. Because the Fresno County Superior Court is a state agency, Defendant "Superior Court" and/or "Superior Courthouse" are immune from this suit. Even assuming Plaintiff could state a cognizable claim, "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). Thus, Plaintiff's claim for money damages from the state superior court fails as a matter of law.

##               5.       Habeas Corpus is Proper Remedy

Because Plaintiff's complaint can be interpreted to challenge the legality or duration of his custody, or attempts to raise a constitutional challenge which could entitle him to an earlier release, Plaintiff is advised that his sole federal remedy is a writ of habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 125 S.Ct. 1242, 1245-48 (2005); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking relief for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim . . . bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id*. at 488.

Plaintiff complains that he has been held in the absence of a proper time waiver in pending state court proceedings. As a result, his sole federal remedy for any challenges concerning the legality or duration of his custody is to file a writ of habeas corpus rather than a section 1983 complaint. This Court notes however that it appears Plaintiff may have already filed a writ based upon the same factual circumstances that Plaintiff references in the instant complaint. The petition was ultimately dismissed on June 18, 2010, by Magistrate Judge Sandra M. Snyder. *See Keith A. Neal v. Judge Penner, et al.*, Case No. 1:10-CV-00798 SMS HC (petition dismissed without prejudice, decline to issue a certificate of appealability).

### D.     *Summary*

Plaintiff's complaint is subject to abstention as state court proceedings appear pending. Moreover, Plaintiff's complaint fails to state a cause of action upon which relief can be granted and amendment would be futile.

**FINDINGS AND RECOMMENDATIONS**

For the foregoing reasons, the Court HEREBY RECOMMENDS that this action be DISMISSED WITHOUT LEAVE TO AMEND.

These findings and recommendations will be submitted to the Honorable Oliver W. Wanger pursuant to the provisions of section 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 1, 2010

/s/ Gary S. Austin
UNITED STATES MAGISTRATE JUDGE